J-M06006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW WAYNE KATONA | : | |
| | : | |
| Petitioner | : | No. 133 EDM 2024 |

Appeal from the Order Entered October 18, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002827-2022

BEFORE: SULLIVAN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED FEBRUARY 25, 2025**

Matthew Wayne Katona ("Katona") has filed in this Court a petition for specialized review of the order denying his "Motion for Bail Hearing," which the trial court treated as a motion for reinstatement of bail.[1]  We affirm.

The trial court summarized the following underlying facts, which Katona does not presently dispute:

> On November 2, 2022, Pocono Mountain Regional Police [O]fficer Joesph Apgar [("Officer Apgar")] conducted a traffic stop on a [car.  He] identified the sole occupant and operator as [Katona.]  A National Crime Information Center query [showed]

---

[1] **See** Pa.R.A.P. 1610 (providing that a party may seek review of a trial court order, granting or denying release, by filing a petition for specialized review in the appellate court), 1762(b)(1) (providing that "[a]pplications relating to bail when no appeal is pending shall first be presented to the trial court"); **see also Commonwealth v. Miller**, 319 A.3d 575, 580 (Pa. Super. 2024) (applying **Int. of N.E.M.**, 311 A.3d 1088 (Pa. 2024), and holding that Superior Court is required to review, and does not have discretion to not review, petitions for specialized review of bail filed under Pa.R.A.P. 1610).

that [Katona] had a suspended driver's license and an active warrant out of the Pocono Mountain Regional Police Department.

[Katona] consented to a search of the vehicle and informed Officer Apgar that there was a firearm and methamphetamine inside the center console. A search of the vehicle provided[:] a .9 mm semi-automatic firearm; five . . . Ziplock bags containing suspected methamphetamine; two . . . Ziplock bags containing marijuana; . . . three . . . Ziplock bags containing controlled substance residue[;] and an electronic scale.

[Katona] was then transported to police headquarters where he was read his ***Miranda***[FN] warnings. [Katona] confirmed that he was aware of the firearm but denied that it belonged to him. He did acknowledge [ownership of] the marijuana and methamphetamine[.] . . .

_____

[FN] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

Trial Court Opinion, 12/16/24, at 2 (unnecessary capitalization omitted and paragraph breaks added).

The Commonwealth charged Katona with multiple drug and firearms offenses.[2] At Katona's November 7, 2022 preliminary arraignment, the trial court initially set bail at $10,000, secured. ***See id***. At that time, Katona was unable to post bail.

On December 19, 2022, the trial court modified Katona's bail "to unsecured with additional non-monetary conditions," which included his compliance "with recommendations of a drug and alcohol assessment. On the

_____

[2] ***See*** 18 Pa.C.S.A. §§ 907(a) (possessing instruments of crime), 6105(a)(1) (persons not to possess firearms), 6106(a)(1) (firearms not to be carried without a license); 35 P.S. 780-113(a)(16) (possession a controlled substance), (30) (possession with intent to deliver a controlled substance ("PWID")), (32) (possession of drug paraphernalia).

same day, [Katona] was released on unsecured bail." Trial Court Opinion, 12/16/24, at 2.

Two months later, on February 21, 2023, the Commonwealth filed a motion to revoke bail. It stated:

> [O]n or about February 18, 2023, [Katona] broke into a house causing damage to the house, took personal items of the resident and stole a vehicle. [On the same day, Katona] was apprehended [by] Pocono Mountain Regional Police Department . . . . He was charged with felony abuse of police animals and resisting arrest.

*Id*. at 2-3 (quotation marks and unnecessary capitalization omitted). The trial court conducted a hearing and granted the Commonwealth's motion to revoke bail on March 2, 2023.

Approximately one year later, on March 27, 2024, the trial court denied Katona's motion reinstate bail.

On September 3, 2024, Katona filed a motion for a bail hearing. The sole argument was that he "has been incarcerated on this case since [the trial court] revoked his bail on March 2, 2023 and is currently awaiting a decision based upon **Bruen** [*sic*]."[3] Motion for Bail Hearing, 9/3/24.

The trial court treated Katona's motion as a motion to reinstate bail and conducted a hearing on September 18, 2024. Defense counsel acknowledged Katona had "eight dockets" open. N.T., 9/18/24, at 12. Katona argued: the

_____

[3] Katona did not provide any citation or supporting discussion for this case, and this panel has not discovered any case entitled "**Bruen**" pertaining to bail. We further note that Katona did not invoke Pa.R.Crim.P. 600(B) (addressing pretrial incarceration).

- 3 -

trial court granted bail in all his other matters; he was held on bail solely in this matter; he had been incarcerated for eighteen months[4] since "his last consideration for bail;" and the Commonwealth, in order to object to bail, would have to show he was dangerous. *Id*. at 3, 5, 8.

The Commonwealth averred that: bail was revoked in one of Katona's other cases; Katona was "a multiple time convicted felon;" the instant matter involved firearms; and he was "facing multiple serious prosecutions," including burglary, fleeing from police, and fighting with a police dog. *Id*. at 6-7. The Commonwealth further averred Katona was "very dangerous," "nothing has materially changed" since the bail revocation eighteen months earlier, and reinstatement of bail was against the community's interest. *Id*.

Katona responded, in sum:

> In September of 2023, the Commonwealth[ ] agreed to modify his bail to $25,000 unsecured — or secured, I believe[.] I don't know how an individual could be deemed dangerous on one set of facts, be joined on this case with another case [*sic*], and then now there's an objection under the dangerous standard.

N.T., 9/18/24, at 8.

The Commonwealth then argued: (1) the police were in the process of filing new charges of witness intimidation, allegedly committed while Katona

---

[4] Defense counsel stated that Katona had been incarcerated "[fifteen] months" since the trial court last considered his bail. N.T., 9/18/24, at 8. However, we calculate that eighteen months between the trial court's March 2, 2023, granting of the Commonwealth's motion to revoke bail and the September 18, 2024 bail hearing.

- 4 -

was in prison; (2) if Katona were to be released on bail, "one of the witnesses in his cases could be harmed;" and (3) thus the Commonwealth had "a very specific articulable concern . . . about bail." *Id*. at 8-9. Katona did not dispute the pendency of this new charge nor address the allegation. *See id*. at 9.

On October 18, 2024, the trial court filed the underlying order, denying Katona's motion to reinstate bail. Katona filed the instant petition for specialized review in this Court.

Katona raises two issues for our review:

1. Whether the [trial] court abused its discretion by failing to consider any of the requisite factors in Pa.R.Crim.P. 523 when it denied . . . Katona's motion for bail?

2. Whether the [trial] court violated Article I, § 14 of the Pennsylvania Constitution as interpreted by [*Commonwealth*] *v. Talley*, 265 A.3d 485, 519 (Pa. 2021)[,] by denying the motion for bail because the Commonwealth presented insufficient evidence that (1) the accused will harm someone if he is released and that (2) there is no condition of bail within the court's power that reasonably can prevent the defendant from inflicting that harm?

Petition for Specialized Review, 11/18/24, at 7. The Commonwealth has filed a response and the trial court has issued an opinion.

Katona presents one argument in support of both issues, which we address together. He avers the Commonwealth failed to meet its burden of proof and the trial court abused its discretion by not considering the requisite bail factors of Pa.R.Crim.P. 523 and *Talley*. We note the applicable standard and scope of review:

Generally, this Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. Moreover, this Court's scope of review from the denial of bail is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party. [**Talley**, 265 A.3d at 527.] This Court will affirm the trial court's denial of bail "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct."

**Miller**, 319 A.3d at 580 (some citations omitted).

Article I, Section 14 of the Pennsylvania Constitution provides for bail in pertinent part as follows: "All prisoners shall be bailable by sufficient sureties . . . unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community **when the proof is evident or presumption great**[.]" Pa. Const. art. I, § 14 (emphasis added).

In **Talley**, the Pennsylvania Supreme Court determined that the evidentiary standard in Article 1, Section 14, "proof is evident or presumption great:" (1) is a "unique standard" that lies "between probable cause and proof beyond a reasonable doubt;" and (2) "calls for a substantial quantity of legally competent evidence, meaning evidence that is admissible . . . or that is encompassed in the criminal rules addressing release criteria." **Talley**, 265 A.3d at 522, 524 (footnote omitted). The **Talley** Court held:

[W]hen the Commonwealth seeks to deny bail due to the alleged safety risk the accused poses to "any person and the community," . . . the Commonwealth [must] demonstrate[] that it is substantially more likely than not that (1) the accused will harm

- 6 -

someone if he is released and that (2) there is no condition of bail within the court's power that reasonably can prevent the defendant from inflicting that harm.

While we decline to provide an exhaustive list of circumstances that would suffice to deny bail in a given case based upon prospective harms, a bail court should consider the defendant's character, relevant behavioral history, or past patterns of conduct; the gravity of the charged offense; the conditions of bail reasonably available to the court; and any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community.

*Talley*, 265 A.3d at 525 (paragraph break added).

Finally, we note that Pennsylvania Rule of Criminal Procedure 523(A)

sets forth factors a trial court should consider for bail:

(A) To determine whether to release a defendant, and what conditions, if any, to impose, the bail authority shall consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings, or compliance or noncompliance with the conditions of the bail bond, including information about:

(1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty;

(2) the defendant's employment status and history, and financial condition;

(3) the nature of the defendant's family relationships;

(4) the length and nature of the defendant's residence in the community, and any past residences;

(5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs;

(6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

(7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8) the defendant's prior criminal record;

(9) any use of false identification; and

(10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

Pa.R.Crim.P. 523(A)(1)-(10).

In his petition for specialized review, Katona avers the Commonwealth failed to meet its evidentiary burden, presenting numerous arguments. We first consider his following claims: (1) the charges in this case "are unrelated to violence" and he is "presumed innocent of those charges;" (2) the trial court "solely relied upon the nature of the allegations that have not been proven and a prior hearing on a bail denial [twenty] months ago;" (3) a person's "dangerousness . . . must be assessed . . . on where a person is now and what avenues are available to ensure community protection;" (4) the fact he "has other pending charges is not 'evidence' that he is a flight risk;" (5) the trial court failed to "engage in any meaningful consideration of the . . . requisite factors" of Rule 523(A) and *Talley*; and (6) house arrest and drug treatment would be appropriate for him. Petition for Specialized Review, 11/18/24, at 8, 10, 14, 15.

After careful review, we determine Katona has waived the above arguments, as he raises them for the first time in this petition for specialized review. Katona did not present any of these claims in his petition for bail reinstatement or at the hearing. Katona also did not address the Rule 523(A) or *Talley* factors. We reiterate that we review an order denying bail for an abuse of discretion. *See Miller*, 319 A.3d at 580. Where Katona did not raise these issues before the trial court, there are no rulings for this panel to review.[5]

Katona's remaining arguments are: (1) he has "exhibited peacefulness and compliance in prison for [twenty] months;" and (2) the trial court's prior bail decision "cannot have absolute and permanent endurance, so that a person always remains 'dangerous' . . . regardless of the passage of time or circumstances." Petition for Specialized Review, 11/18/24, at 8, 9. We determine Katona has preserved a claim that he is not presently dangerous, where defense counsel argued at the hearing: (1) the Commonwealth had to show "dangerousness," and eighteen months had passed since "his last consideration for bail;" and (2) "I don't know how an individual could be deemed dangerous on one set of facts, be joined on this case with another

---

[5] Although the matter before us is not an appeal, we also find guidance in Pa.R.A.P. 302(a), which provides: "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

case [*sic*], and then now there's an objection under the dangerous standard."

N.T., 9/18/24, at 8.

The trial court's order denying Katona's motion for bail reinstatement

stated:

> The Court is thoroughly familiar with this case and the six . . . additional cases pending against [Katona] in this court. The charges in this case are of a serious nature, including [PWID] and possession of firearms.
>
> After bail was set in this and several of the pending cases, [Katona] continued in criminal activities and as a result violated conditions of bail. As such, we previously found that there were no bail conditions or combination of conditions that could assure the safety of the community, and that [Katona] posed a significant risk to the community. In addition, we remain concerned that [Katona] may be a flight risk given the number of cases filed against him. Nothing has changed since we made our prior decision to revoke bail. . . .

Order, 10/18/24 (unnecessary capitalization omitted and paragraph break

added).

> In its opinion, the trial court reasoned:
>
> In the instant case, [Katona] is charged with possession of a firearm-prohibited, firearms not to be carried without a license, [PWID], and three related misdemeanor charges.[] The nature of these offenses is serious and poses a risk to society. Possessing a firearm prohibited without a valid license, in conjunction with PWID and drug use, creates an extraordinarily dangerous situation for members of the community. . . .

Trial Court Opinion, 12/16/24, at 5 (footnote omitted).

The trial court also pointed out that Katona was seeking reinstatement

of bail, which was revoked based on his commission of new crimes:

[T]his is not a situation where [Katona] was initially denied bail. [B]ail in this case had been set at a reasonable secured amount, and then modified to an unsecured amount resulting in [Katona's] release from incarceration.

. . . Upon his release[, Katona] failed to comply with bail conditions. Rather than address his addiction issues as one of his bail conditions,[6] he was allegedly involved in various felonious activities including a residential burglary, abuse of a police animal, and resisting arrest. . . . [Katona] was offered less restrictive conditions in lieu of incarceration and he continued to participate in criminal activity.

*Id*. at 4-5 (paragraph break added).

After review of the record, the trial court's opinion, and Katona's petition for specialized review, we determine the trial court did not abuse its discretion in denying reinstatement of bail. *See Miller*, 319 A.3d at 580. First, Katona cites no legal authority in support of his claim that when a court revokes a defendant's bail due to his danger to the community, the court's decision wanes with the passage of time. *See* Petition for Specialized Review, 11/18/24, at 8 (arguing that "[n]o examination was conducted of . . . Katona's **current** dangerousness to the community" and the trial court's prior bail denial "cannot have absolute and permanent endurance"). In any event, at the bail hearing Katona did not dispute — and in the instant petition he does not address — the Commonwealth's claim that Katona committed witness intimidation while in prison. While we offer no opinion on the truth of the

_____

[6] The trial court stated: "[Katona] has a methamphetamine addiction. He was found with drugs and drug paraphernalia in nearly all his cases." Trial Court Opinion, 12/16/24, at 5.

- 11 -

Commonwealth's argument, we emphasize that Katona did not dispute or address this allegation. **See** N.T., 9/18/24, at 9 (following the Commonwealth's advisement of the new charges, when asked by the trial court, "Anything else?," defense counsel stated "No, You[r] Honor).

Upon this particular record, the trial court's opinion, and Katona's petition for specialized review, we conclude the trial court did not abuse its discretion in finding "no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community." **See** Pa. Const. art I, § 14; **see also** Trial Court Opinion, 12/16/24, at 4-5. Accordingly, we affirm the order denying Katona's motion for reinstatement of bail.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/25/2025

- 12 -